**NOT FOR PUBLICATION**

FILED

MAR 30 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PREM CHAND LAL; RACHAEL PUSHPANJALI LAL; NAVEEL LAL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72882 <br><br> Agency Nos. A071-625-646 <br> A071-625-647 <br> A071-625-649 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Prem Chand Lal, Rachael Pushpanjali Lal, and Naveel Lal, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1252.  We review for substantial evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that petitioners' experiences in Fiji, including stoning of the family home, and a beating and robbery suffered by Prem Chand Lal in 1987, did not constitute persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995).  Further, substantial evidence supports the agency's conclusion that petitioners failed to establish they have a well-founded fear of persecution.  *See Nahrvani*, 399 F.3d at 1154; *see also Aruta v. INS*, 80 F.3d 1389, 1395-96 (9th Cir. 1996) (record evidence did not compel finding that petitioner's fear of future persecution was objectively reasonable).  Accordingly, petitioners' asylum claim fails.

Because petitioners failed to demonstrate they were eligible for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal.  *See Nahrvani*, 399 F.3d at 1154.

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if returned to Fiji.  *See id.*

**PETITION FOR REVIEW DENIED.**

09-72882